### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### HATTIESBURG DIVISION

**JAMES TAYLOR**                                                     **PLAINTIFF**

**v.**                         **CIVIL ACTION NO. 2:11-CV-234-KS-MTP**

**NABORS DRILLING USA, LP**                       **DEFENDANT**

### ORDER

      The Court **overrules** Defendant's objection [52] to the Magistrate Judge's order [37] denying its motion to strike [27] Plaintiff's expert designations.

      The Court may only modify or set aside a Magistrate Judge's discovery order if it s "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a); *see also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (citing 28 U.S.C. § 636(b)(1)(A)). When determining whether to strike an expert's testimony for a party's failure to timely disclose it, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

      Plaintiff provided no legitimate explanation for his failure to timely designate expert witnesses. Plaintiff's counsel argues that Defendant's counsel agreed to an extension of Plaintiff's expert designation deadline. However – as the Court is too often forced to remind attorneys – parties can not simply agree to extend deadlines

established by the Court. They must seek the Court's consent. FED. R. CIV. P. 16(b)(4). Therefore, the Magistrate Judge rightly concluded that this factor weighs in favor of striking Plaintiff's designations.

As for the second factor, the Court finds that the testimony is important to Plaintiff's case. The proposed expert testimony pertains to the calculation of Plaintiff's past and future damages. Defendant argues that the importance of the testimony merely underscores the importance of Plaintiff's timely designation, citing *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996). The Fifth Circuit has rejected Defendant's interpretation of the second factor, though, noting that it is contrary to the factor's intended purpose. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707-08 (5th Cir. 2007). Although "the importance of such proposed testimony cannot *singularly* override the enforcement of local rules and scheduling orders," if the party's case depends on the disputed testimony, the second factor weighs against striking the designation. *Id.* at 708 (emphasis original). Here, Plaintiff's ability to prove his damages depends on the admission of the disputed expert testimony. Therefore, the Magistrate Judge's conclusion that this factor weighs against striking the designations was not clearly erroneous or contrary to law.

As for the potential prejudice to Defendant, the Court finds no error in the Magistrate Judge's analysis. The discovery deadline is November 15, 2012. There is plenty of time for Defendant to prepare itself for trial by deposing Plaintiff's designated experts, and the Magistrate Judge permitted Defendant to reconvene Plaintiff's deposition, with all reasonable costs to be borne by Plaintiff. Further, the Magistrate

Judge allowed Defendant to designate additional rebuttal experts if it desires to do so. The only "prejudice" to Defendant is that it is now required to defend the case in the manner it would have if Plaintiff had timely designated his experts. Therefore, the Magistrate Judge correctly concluded that this factor weighs against striking the designations.

Finally, there is plenty of time to rectify whatever damage Plaintiff's lack of diligence has caused. Indeed, the Magistrate Judge has already modified the case deadlines [48] – and Defendant has not objected to that order. Defendant argues that Plaintiff has been rewarded for his failure to comply with the Court's deadlines. The Court disagrees. The parties are merely being required to work the case as they would have if Plaintiff had timely complied with his discovery obligations. Therefore, the Magistrate Judge's conclusion that this factor is neutral was not clearly erroneous or contrary to law.

The Court concludes that the Magistrate Judge's ruling that the *Geiserman* factors balance in favor of Plaintiff was not clearly erroneous or contrary to law. At best, Defendant has shown that there is room for debate with regard to the issue. However, in the undersigned judge's opinion, the Magistrate Judge correctly found that a continuance and some minor cost-shifting could rectify whatever prejudice accrued to Defendant as a result of Plaintiff's failure to timely designate his expert witnesses.

SO ORDERED AND ADJUDGED this 4th day of October, 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE